IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JJW PROPERTIES LLC,  §<br>　　　　　　Plaintiff,　§<br>　　　　　　　　　　　§<br>v.　　　　　　　　　　§<br>　　　　　　　　　　　§<br>JENNIFER WILLIAMS, and §<br>BRIAN WILLIAMS,　　　§<br>　　　　　　Defendants.§ | CIVIL CASE NO. 3:18-CV-1013-G-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge. For the reasons that follow, this action should be **REMANDED** to the state court *sua sponte*.

On April 23, 2018, Defendants Jennifer Williams and Brian Williams, proceeding *pro se*, filed their: (1) *Notice of Removal from the Justice Courts of Dallas County* Case No. JE18-00816; (2) *Application to Proceed in District Court Without Prepaying Fees or Costs*; and (3) *Answer*. However, the *Notice of Removal* and *Application* were signed only by Brian Williams, and the *Answer* was not signed by either Defendant. Doc. 3; Doc. 4; Doc. 5. In addition, the *Notice of Removal* failed to provide, as required, "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *See* 28 U.S.C. § 1446(a) (setting out procedures for removing a civil action); Local Rule 81.1(a)(4) (listing documents to be included with a notice of removal in a civil case).

Thus, on April 30, 2018, the Court issued a deficiency order requiring Defendants (1) to submit a motion for leave to proceed *in forma pauperis* on the AO-239 signed by each

Defendant, and (2) to submit a Notice of Removal signed by each Defendant with a copy of the State court docket sheet and all State court pleadings in compliance with 28 U.S.C. § 1446(a) and Local Rule 81.1(a)(4).  The order advised Defendants that the deadline for their response was May 21, 2018, and that failure to comply may result in the remand of the case to the court from which it was removed.  Doc. 6.  As of the date of this recommendation, however, Defendants have not responded to the Court's order, nor have they sought an extension of time to do so.

Accordingly, this case should be remanded to the Dallas County Justice Court.  The Clerk of the Court should be directed to effect the remand according to the usual procedure.

**SO RECOMMENDED** on July 24, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3